IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 22–11–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| CHRISTOPHER LEE RASMUSSEN, | |
| Defendant. | |

Before the Court is Defendant Christopher Lee Rasmussen's Unopposed Motion for Early Termination of Supervision. (Doc. 46.) The United States does not oppose. (*Id.* at 1.) United States Probation Officer Annie Bambenek does not oppose. (*Id.*) For the reasons below, the Court grants the Motion.

## Background

On September 29, 2022, Defendant was sentenced for being a prohibited person in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). (Doc. 39.) The Court sentenced Defendant to 30 months imprisonment, followed by three years of supervised release. (*Id.* at 2–3.) Defendant began serving his term of supervised release on October 11, 2023. (Doc. 46 at 2.)

## Discussion

A court may "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). In determining whether to terminate a term of supervised release, courts consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3564. These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational, vocational training, medical care or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense.

*United States v. Smith*, 219 F. App'x 666, 667 (9th Cir. 2007) (unpublished).

Defendant argues that the § 3553(a) factors support early termination. (Doc. 46 at 5.) Specifically, Defendant highlights that he accepted responsibility for the offense conduct that lead to his conviction and since being released from custody, Defendant has not violated the terms of supervision. (*Id.*) Defendant is remarried and devoted to making an honest living, respecting the law, and being accountable. (*Id.*) Defendant has a career as a motorcycle technician and has maintained

sobriety. (*Id.* at 6.) Therefore, there is no need for vocational training or additional rehabilitation.

Based on Defendant's compliance with the terms of supervision, his commitment to sobriety, and his consistent employment, the Court believes Defendant can live a productive and law-abiding life without the supervision of the Court.

Thus, in weighing "the nature and circumstances of the offense" against the "characteristics" of Defendant, along with the need to promote "deterrence" and "protect the public," the Court agrees with Defendant that continued supervision is no longer necessary.

Accordingly, IT IS ORDERED that Defendant's Motion (Doc. 46) is GRANTED. Christopher Lee Rasmussen's term of supervised release is TERMINATED as of the date of this Order.

DATED this 18th day of March, 2025.

_____
Dana L. Christensen, District Judge
United States District Court